**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

PARVIZ F. NAWAB,

        Plaintiff,

v.                                        CASE NO.: 5:12-cv-130-J-32TBS

BANK OF AMERICA,

        Defendant.

_____

## ORDER

This case is before the Court on Defendant Bank of America's Motion to Dismiss (Doc. 5), to which Plaintiff Parviz F. Nawab, proceeding pro se, filed a response in opposition (Doc. 8). For the reasons set forth herein, Defendant's Motion is **GRANTED WITHOUT PREJUDICE**, and Plaintiff should file an amended complaint no later than **August 17, 2012**.

In his four-count Complaint, Plaintiff alleges that Defendant failed to respond to Plaintiff's requests for validation of a debt and harassed and deceived Plaintiff in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692. (See Doc. 2.) Defendant moves to dismiss the Complaint for failure to state a claim upon which relief may be granted, because: (1) Defendant is a "creditor," and the FDCPA only applies to debt collectors;[1] and (2) Plaintiff fails to allege sufficient facts to state a claim under the FDCPA.

---

[1] Under the FDCPA, creditors, mortgage servicing companies, and assignees of debt are not "debt collectors" unless the debt was in default at the time it was assigned. 15 U.S.C. § 1692a(6); see also Bentley v. Bank of Am., N.A., 773 F. Supp. 2d 1367, 1371 (S.D. Fla. 2011). The proper analysis turns not on the expansive nature of the defendant company, but rather on the type of debt at issue. See Bentley, 773 F. Supp. 2d at 1371

(Doc. 5 at 1.)

To state a claim under the FDCPA, the complaint must allege that: "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." Fuller v. Becker & Poliakoff, P.A., 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002).  As evidenced by the analysis of the first element in Fuller, recovery under the FDCPA requires a determination that the claim arises from a debt as defined by § 1692a(5), and Plaintiff's Complaint lacks this allegation.  Id. at 1366-68. Defendant has asserted that because it is a "well-known, nationally chartered bank, [and] a creditor," it is not subject to the FDCPA (Doc. 5 at 1); however, nothing in the Complaint, Defendant's Motion to Dismiss, or Plaintiff's Response indicates what type of debt is at issue.  Because factual allegations regarding the debt type are necessary to allow the Court to fully consider this issue, Plaintiff's amended complaint should clarify the type of debt at issue.

Additionally, as alleged by the Defendant in its motion to dismiss, Plaintiff's Complaint fails to set forth specific facts linking the Defendant's acts or omissions to the alleged violations of the FDCPA.  While the Complaint essentially tracks the FDCPA's language in enumerating statutory violations, Plaintiff does not allege how the Defendant

---

(dismissing an FDCPA claim with prejudice when the debt at issue was a mortgage loan serviced by Defendant Bank of America because, "Defendants are [not] 'debt collectors' as contemplated by the statute which explicitly excludes mortgage servicing companies"); Hennington v. Bank of Am., Civil Action File No. 1:10–CV–1350–WSD, 2010 WL 5860296, at *7 (N.D. Ga. Dec. 21, 2010) (establishing that a motion to dismiss should be granted with prejudice when a mortgage loan is at issue and finding that the defendant, Bank of America, was the plaintiff's creditor and "not a debt collector as defined by the FDCPA").

2

committed such violations.  In lieu of outlining what would hypothetically be a FDCPA violation, Plaintiff must allege facts that show how Defendant has <u>in fact</u> violated the FDCPA.

When filing an amended complaint, Plaintiff must include all of his claims in this action and should not refer back to his original filings.  Plaintiff must set forth the nature of the cause of action and how Defendant is involved in the alleged wrongdoing.  Plaintiff is advised that Rule 8(a)(2), Federal Rules of Civil Procedure, requires the complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and Rule 10(b) states that "[a] party must state its claims or defenses in numbered paragraphs . . . ."

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Dismiss (Doc. 5) is **GRANTED.**

2. Plaintiff's Complaint (Doc. 2) is **DISMISSED WITHOUT PREJUDICE**.

3.  Plaintiff should file an amended complaint no later than **August 17, 2012.** Defendant shall respond to Plaintiff's amended complaint no later than **September 14, 2012**.

**DONE and ORDERED** in Jacksonville, Florida this 17th day of July, 2012.

TIMOTHY J. CORRIGAN
United States District Judge

jk.
Copies To:

Pro se Plaintiff
Counsel of Record